IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RIGOBERTO AJUALIP-MIRANDA and OZMENT LAW, | )<br>)<br>) |
| *Plaintiffs,* | ) Case No.: _____<br>) |
| v. | )<br>) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY – U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | )<br>)<br>)<br>)<br>) |
| *Defendant.* | ) |

## COMPLAINT

1. Plaintiff Rigoberto Ajualip-Miranda ("Plaintiff Ajualip-Miranda"), and his counsel, OZMENT LAW, bring this action for declaratory and permanent injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to compel an adequate search for and prompt disclosure of agency records improperly withheld by Defendant Department of Homeland Security ("DHS") through its agency component, U.S. Immigration and Customs Enforcement ("ICE").

2. Plaintiffs challenge ICE's failure to adequately search for and promptly disclose agency records in response to a request for records ("Direct Request") pertaining to Mr. Ajualip-Miranda that Plaintiffs submitted via email and certified U.S. Mail, return receipt requested, on December 18, 2012. The ICE FOIA office assigned this request control number 2013FOIA8080.

3. Plaintiffs also challenge ICE's failure to adequately search for and promptly disclose agency records that DHS agency component U.S. Citizenship and Immigration Services

("USCIS") referred to ICE for review in response to Plaintiffs' December 18, 2012 FOIA request to USCIS, control number NRC2013002688.

## PARTIES

4. Plaintiff **Rigoberto Ajualip-Miranda** is a resident of Mount Juliet, Wilson County, Tennessee.

5. Plaintiff **OZMENT LAW** is a law firm with its main office and principal place of business in Nashville, Tennessee. Acting as legal representative and agent for its client, Mr. Ajualip-Miranda, OZMENT LAW submitted a request on Mr. Ajualip-Miranda's behalf. OZMENT LAW is a party to this action only to the extent that it served as the formal requester of records as agent for its client, the true party-in-interest. All further references to "Plaintiff" refer to Mr. Ajualip-Miranda.

6. Defendant **United States Department of Homeland Security – U.S. Immigration and Customs Enforcement** ("ICE") is an "agency" within the meaning of 5 U.S.C. § 552(f).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. §§ 1331 (federal question) and 1361 (mandamus). Venue is proper in this District by virtue of Plaintiffs' residence in this District. 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### THE DIRECT REQUEST TO ICE

8. On December 18, 2012, Plaintiff, through counsel, submitted a FOIA request to ICE using the email address ICE designated for such requests. Additionally, Plaintiff, through counsel, concurrently submitted a written FOIA request to ICE at the address ICE designated for

that purpose, also on December 18, 2012. Plaintiff's written request was given the U.S. Postal Service tracking number 71094453391000000479. (Exhibit A – Direct FOIA Request to ICE).

9. ICE acknowledged receipt of the request for all "non-A-File agency records" pertaining to Plaintiff and assigned control number 2013FOIA8080 in a letter dated January 3, 2013. (Exhibit B – ICE Acknowledgement).

10. The ICE FOIA office assigned to Plaintiff's case stated in the January 3, 2013 letter: "I have determined that the information you are seeking is under the purview of the U.S. Citizenship and Immigration Services (USCIS), a DHS component. Therefore, I am referring your request to the FOIA Officer for U.S. Citizenship and Immigration Services (USCIS), Jill Eggleston, for processing and direct response to you."

### THE USCIS REFERRAL

11. Also on December 18, 2012, Plaintiff, through counsel, submitted a separate FOIA request to DHS agency component USCIS via certified U.S. Mail, tracking number 71094453391000000486. Plaintiff requested "all non-A-File agency records" pertaining to him. (Exhibit C – FOIA Request to USCIS).

12. On January 9, 2013, USCIS sent Plaintiff a letter acknowledging receipt of Plaintiff's FOIA request. (Exhibit D – USCIS Acknowledgement Letter).

13. On February 11, 2013, USCIS identified 129 pages of responsive material. USCIS disclosed 62 pages of agency records, with six pages withheld in their entirety under various claimed exemptions, and 10 pages released in part. (Exhibit E – USCIS FOIA Response Cover Letter).

14. The remaining 51 pages of USCIS's FOIA response were neither disclosed nor formally withheld pursuant to a recognized FOIA exemption, but rather, "Referred to

*Page 3 of 7*
Case 3:13-cv-00715   Document 1   Filed 07/22/13   Page 3 of 7 PageID #: 3

Immigration and Customs Enforcement." (Exhibit F – Representative Sample of ICE Referral Page from USCIS Response).

15. Apart from ICE's January 3 acknowledgement of receipt of Plaintiff's request, ICE has made no other communications with Plaintiff concerning his request.

16. ICE has not disclosed any responsive agency records or cited any applicable exemptions over the requested material.

### PLAINTIFF'S UPCOMING IMMIGRATION COURT HEARING

17. Plaintiff is currently scheduled for a hearing before the Executive Office for Immigration Review – Memphis Immigration Court on July 30, 2013, in his ongoing removal proceeding.

18. The purpose of this hearing is for the Plaintiff to state what, if any relief he will be seeking from the charges of removability ICE has lodged against him.

19. ICE's Office of Chief Counsel ("OCC") in New Orleans exercises supervisory responsibility over the prosecuting attorneys in the Memphis Immigration Court.

20. ICE OCC in New Orleans maintains a policy and practice asserting the FOIA is the only means a respondent in removal proceedings has to obtain government records, including records ICE created, that may assist in defending a removal proceeding.

21. Plaintiff has a constitutional, statutory, and regulatory right to be adequately and competently represented by counsel (at his own expense) in removal proceedings.

22. Access to the agency records Plaintiff seeks is essential to vindicating his fundamental right to effective assistance of counsel.

//

//

*Page 4 of 7*
Case 3:13-cv-00715   Document 1   Filed 07/22/13   Page 4 of 7 PageID #: 4

# CLAIMS FOR RELIEF
## COUNT I
### DEFENDANT ICE HAS INADEQUATELY SEARCHED FOR AND IMPROPERLY WITHHELD AGENCY RECORDS
### (DIRECT REQUEST)

23. Plaintiff re-alleges and re-avers the preceding paragraphs, and the preceding paragraphs are incorporated herein by reference.

24. ICE confirmed receipt of Plaintiff's Direct Request on January 3, 2013.

25. ICE has failed to respond to Plaintiff's Direct Request within the time limits set by the FOIA. 5 U.S.C. §§ 552(a)(6)(A), 552(a)(6)(B). This failure constitutes a constructive denial of Plaintiff's request.

26. Plaintiff has constructively exhausted all administrative remedies available to him pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

27. By failing to conduct an adequate search for and produce agency records in response to Plaintiff's Direct Request, Defendant ICE violated Plaintiff's rights under the FOIA and improperly withheld agency records.

28. Accordingly, Plaintiff and OZMENT LAW are entitled to seek an order from this Court enjoining ICE from withholding agency records and an order to produce any agency records ICE has improperly withheld from Plaintiff. 5 U.S.C. § 552(a)(4)(B).

## COUNT II
### DEFENDANT ICE HAS INADEQUATELY SEARCHED FOR AND IMPROPERLY WITHHELD AGENCY RECORDS
### (USCIS REFERRAL)

29. Plaintiff re-alleges and re-avers the preceding paragraphs, and the preceding paragraphs are incorporated herein by reference.

30. USCIS referred to ICE at least 51 pages of agency records in response to Plaintiff's FOIA request to USCIS on or before February 11, 2013. 6 C.F.R. §§ 5.4(c), (d). *See*

*generally* 5 U.S.C. § 552(a)(6)(B)(iii)(III). These 51 referred pages, which Defendant continues to withhold, constitute roughly 40% of USCIS's total 129-page response.

31. Because USCIS's referral of records to ICE was reasonable and required by DHS's regulations, USCIS has acquitted itself of its responsibility to respond to Plaintiff's USCIS FOIA request. *See Keys v. Department of Homeland Security*, 570 F. Supp. 2d 59 (D.D.C. 2008); *McGehee v. C.I.A.*, 697 F.2d 1095 (D.C. Cir. 1983).

32. ICE has failed to respond to the USCIS Referral within the time limits set by the FOIA. 5 U.S.C. §§ 552(a)(6)(A), 552(a)(6)(B). This failure constitutes a constructive denial of Plaintiff's request.

33. Plaintiff has constructively exhausted all administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

34. By failing to promptly respond, conduct an adequate search for, and timely produce agency records in response to the USCIS Referral, Defendant ICE has violated Plaintiff's rights under the FOIA and improperly withheld agency records.

35. Accordingly, Plaintiff is entitled to seek an order from this Court enjoining ICE from withholding agency records, and an order to produce any agency records ICE has improperly withheld from Plaintiff. 5 U.S.C. § 552(a)(4)(B).

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendant as so follows:

(1)     Assume jurisdiction over this matter;

(2)     Order Defendant ICE to conduct an adequate search for agency records and produce records improperly withheld;

(3) Enjoin Defendant ICE from improperly withholding agency records responsive to Plaintiff's Direct Request and/or the USCIS Referral;

(4) Award Plaintiff costs and fees as provided by 5 U.S.C. § 552(a)(4)(E); and

(5) Grant such further relief as this Court may deem just and proper.

DATED: July 22, 2013

Respectfully submitted,

Elliott Ozment (BPR # 4331)
Tricia R. Herzfeld (BPR # 26014)

*R. Andrew Free*

_____
R. Andrew Free (BPR # 30513)
Ozment Law
1214 Murfreesboro Pike
Nashville, TN 37217
Phone: (615) 321-8888
Fax: (615) 321-5230
afree@ozmentlaw.com

*Counsel for the Plaintiff*